*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* A. S. EBERT, Minor.

UNPUBLISHED
June 22, 2023

No. 363900
Genesee Circuit Court
Family Division
LC No. 13-130302-NA

Before: RIORDAN, P.J., and BORRELLO and BOONSTRA, JJ.

PER CURIAM.

Respondent-father appeals by right the trial court's order terminating his parental rights to the minor child, ASE, who was four years old at the time.[1] The trial court seemingly terminated respondent's parental rights pursuant to MCL 712A.19b(3)(a)(*ii*) (desertion for at least 91 days), MCL 712A.19b(3)(c)(*i*) (conditions that led to adjudication still exist), MCL 712A.19b(3)(c)(*ii*) (other conditions exist), MCL 712A.19b(3)(g) (failure to provide proper care or custody despite financial ability), and MCL 712A.19b(3)(j) (reasonable likelihood of harm if returned). For the reasons set forth in this opinion, we affirm.

## I. BACKGROUND

The proceedings in this matter commenced in mid-2020. In relevant part, respondent-father was pulled over by Border Patrol agents in Texas, who found him intoxicated and in possession of beer cans and prescription drugs not prescribed to him, with ASE in the car but not in a car seat. Respondent-father and ASE's mother moved to Michigan shortly thereafter, where they had unstable and unsafe housing and no clear source of income; respondent-father was alleged to be an alcoholic, and he had an outstanding warrant for child endangerment and possession of dangerous drugs from Texas. Throughout the case, respondent-father proved difficult to contact, even by his attorney, and he evaded service of process on at least one occasion. During the pendency of this matter, ASE was placed with respondent-father's sister. Meanwhile, respondent-

---

[1] The trial court also terminated the parental rights of known and unknown fathers of a younger sibling of ASE who might have been respondent-father's child, but he never established paternity. Accordingly, respondent does not appeal the trial court's termination order as to that younger child.

father participated in a psychological examination but, contrary to his service plan, failed to maintain contact with the DHHS, never followed up with further therapy, never documented any legal source of income, never obtained stable housing, never participated in a substance-abuse assessment or random drug screens, never participated in parenting-skills classes, and only participated in some supportive visitation sessions before he was terminated for noncompliance. He attended few parenting-time visits, and when he did, he was observed to lack basic parenting skills and appeared to be potentially under the influence of substances. He was eventually jailed for and convicted of, among other things, a domestic violence charge.

The trial court took jurisdiction on the basis of its finding that respondent-father's home environment was not appropriate for ASE. At the conclusion of the termination hearing, the trial court found that at least 182 days had elapsed since it took jurisdiction even before respondent-father was jailed, and respondent-father failed to do anything to alleviate the concerns about his substance abuse or ability to provide housing. It also expressed concern that respondent-father lacked basic parenting skills and would generally be unable to care for ASE when released from jail. It concluded that all of the statutory grounds for termination, enumerated above, had been established by clear and convincing evidence. It noted that ASE was placed with a relative, which weighed against termination, and that respondent-father never intentionally harmed ASE. It nevertheless also found that whatever bond might have existed between respondent-father and ASE had been weakened by his absence from her life, that ASE needed permanence, and, in light of how long ASE had been under the court's jurisdiction, termination of respondent-father's parental rights was in her best interests. It therefore terminated respondent-father's parental rights. This appeal then ensued.

## II. ANALYSIS

This Court reviews for clear error the trial court's determination that at least one statutory ground for termination was proved by clear and convincing evidence and that termination was in the child's best interests. *In re Olive/Metts Minors*, 297 Mich App 35, 40; 823 NW2d 144 (2012). "A finding of fact is clearly erroneous if the reviewing court has a definite and firm conviction that a mistake has been committed, giving due regard to the trial court's special opportunity to observe the witnesses." *In re Sanborn*, 337 Mich App 252, 272-273; 976 NW2d 44 (2021) (quotation marks and citation omitted). Under the clearly erroneous standard, a trial court's decision must be "more than just maybe or probably wrong." *In re Williams*, 286 Mich App 253, 271; 779 NW2d 286 (2009).

"A court may terminate a respondent's parental rights if one or more of the statutory grounds for termination listed in MCL 712A.19b(3) have been proven by clear and convincing evidence." *In re Olive/Metts Minors*, 297 Mich App at 40. "Once a statutory ground for termination has been proven, the trial court must find that termination is in the child's best interests before it can terminate parental rights." *Id*. "The trial court must order the parent's rights terminated if the Department has established a statutory ground for termination by clear and convincing evidence and it finds from a preponderance of the evidence on the whole record that termination is in the children's best interests." *In re White*, 303 Mich App 701, 713; 846 NW2d 61 (2014). Clear and convincing evidence must lead the trier of fact to "a firm belief or conviction as to the truth of the allegations sought to be established, evidence so clear, direct and weighty and convincing as to enable [the factfinder] to come to a clear conviction, without hesitancy, of the

truth of the precise facts in issue." *In re Martin*, 450 Mich 204, 227; 538 NW2d 399 (1995) (quotation marks and citation omitted; alteration in original). Evidence is not necessarily clear and convincing for being uncontroverted, but it may also be clear and convincing despite being contradicted. *Id*. "[O]nly a single statutory ground need be established in support of termination." *In re Martin*, 316 Mich App 73, 90; 896 NW2d 452 (2016).

A statutory ground to terminate parental rights under MCL 712A.19b(3)(c)(*i*) "exists when the conditions that brought the children into foster care continue to exist despite time to make changes and the opportunity to take advantage of a variety of services." *In re White*, 303 Mich App at 710 (quotation marks, ellipsis, and citation omitted). Efforts by a respondent are insufficient unless the respondent also achieves some "meaningful change in the conditions existing by the time of the adjudication." *In re Williams*, 286 Mich App at 272. As noted, the trial court took jurisdiction because respondent-father's home environment was not appropriate for ASE. The evidence suggests that respondent-father may have obtained suitable housing briefly, but he had nowhere to go even if immediately released from jail, and he consistently failed to participate in drug screens or any other programs that might alleviate the concerns about his substance abuse. The evidence supports a finding that respondent-father made no progress for a year before he became incarcerated. A year of no progress by a parent may support a conclusion that the parent is unlikely to make progress within a reasonable time considering the age of a child. *In re Trejo*, 462 Mich 341, 359-360; 612 NW2d 407 (2000). We conclude that the trial court did not clearly err by finding a statutory ground for termination proven by clear and convincing evidence under MCL 712A.19b(3)(c)(*i*).

A statutory ground for termination under MCL 712A.19b(3)(j) is established if "[t]here is a reasonable likelihood, based on the conduct or capacity of the child's parent, that the child will be harmed if he or she is returned to the home of the parent." Neither a parent's incarceration nor the bare fact that a parent has a criminal history are proper considerations under this ground. *In re Mason*, 486 Mich 142, 165; 782 NW2d 747 (2010). Conversely, a parent's failure to comply with a case service plan is properly considered as evidence that the child is at a substantial risk of harm if returned to the parent. MCL 712A.19a(7); MCR 3.976(E)(2); *In re Trejo*, 462 Mich at 346 n 3. "The harm contemplated under MCL 712A.19b(3)(j) includes emotional harm as well as physical harm." *In re Sanborn*, 337 Mich App at 279. Respondent-father claimed his mental-health issues were merely stress and denied using drugs other than marijuana or having a current drinking problem, but the evidence strongly belied those claims. The evidence also showed that he lacked parenting skills. Critically, he attempts to minimize the extent to which he failed to comply with his treatment plan, but the evidence shows that his noncompliance was almost complete, including missing many parenting-time visits long before his incarceration. Respondent-father argues that he cared for ASE for two and a half years before CPS became involved, but that argument has little applicability here in light of the sheer scale of respondent-father's noncompliance. Based on the record evidence presented in this matter, we conclude that the trial court did not clearly err by finding a statutory ground for termination proven by clear and convincing evidence under MCL 712A.19b(3)(j). Having found at least two statutory grounds sufficiently proven, we need not address any of the others.

"Once a statutory ground for termination has been proven, the trial court must find that termination is in the child's best interests before it can terminate parental rights." *Olive/Metts*, 297 Mich App at 40. The focus of the best-interests analysis is on the child's rights and interests, not

the parent's rights and interests. *In re Moss*, 301 Mich App 76, 87-88; 836 NW2d 182 (2013). At this stage, "the parent has been found unfit, [so] the focus shifts to the child and the issue is whether parental rights *should* be terminated, not whether they *can* be terminated." *Id*. at 89. The child's best interests depend on a multitude of factors, including the child's bond with the parent, the parent's parenting ability, the child's need for permanency, the relative advantages of the foster placement, the child's age, inappropriate parenting techniques, continued involvement in domestic violence, the parent's history of visitation, the parent's own questionable relationships, the parent's compliance with treatment plans, the child's well-being in foster placement, and the possibility of adoption. *In re Sanborn*, 337 Mich App at 276-277. In making its best-interests determination, the trial court may rely on the entire record, including evidence used to establish statutory grounds for termination. *In re Trejo*, 462 Mich at 353-354. The trial court *must* consider and address a child's placement with a relative,[2] which weighs against termination. *In re Olive/Metts*, 297 Mich App at 43. However, placement with a relative is not dispositive. *In re Atchley*, ___ Mich App ___, ___; ___ NW2d ___ (2022) (Docket Nos. 358502 and 358503); slip op at 7.

The trial court expressly recognized that ASE was placed with a relative, and it implicitly recognized that such a relative placement weighed against termination. It also recognized that there had been a bond between ASE and respondent-father, but testimony of case workers revealed that the bond had been seriously weakened, noting that even before his incarceration, respondent-father missed many parenting-time visits and did not act appropriately or productively during the visits he attended. Respondent father argued that he had a significant bond with ASE, however following examination of the evidence, the trial court noted that ASE and her younger sibling were strongly bonded to each other, and ASE had a strong bond with her foster parents and was likely to be adopted. The trial court noted the evidence that respondent-father lacked parenting skills and had a concerning conviction of domestic violence. The trial court found that ASE's current placement was stable and loving and provided for her well-being; and that at four years old, ASE was "absolutely in need of permanence, stability and finality." Review of the record reveals that the trial court considered and articulated findings on the record regarding essentially all of the recommended considerations, and it weighed the implications of ASE's placement with relatives, and ultimately concluded that termination was in the minor child's best-interests. *Trejo*, 462 Mich at 353-354.

Affirmed.

/s/ Michael J. Riordan
/s/ Stephen L. Borrello
/s/ Mark T. Boonstra

---

[2] Respondent-father's sister is a "relative" as defined by MCL 712A.13a(1)(j).